NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELGADINA ALVAREZ MENDOZA; A. B. A.; J. B. A., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2362 <br><br> Agency Nos. <br> A216-548-461 <br> A216-548-463 <br> A216-548-464 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Delgadina Alvarez Mendoza and her minor children, natives and citizens of

Mexico, petition for review of an order of the Board of Immigration Appeals

("BIA") dismissing their appeal of a decision from an Immigration Judge ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(collectively, the "Agency") denying Alvarez Mendoza's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "[O]ur review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation modified). We review the Agency's legal conclusions de novo and its findings of fact for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1.      Substantial evidence supports the Agency's denial of asylum and withholding of removal. An applicant who asserts that she faces persecution on account of a protected ground must show that the ground would be, for asylum, "one central reason," and for withholding, "a reason," for the persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017). Those standards "address the persecutor's motive for persecuting the victim." *Barajas-Romero*, 846 F.3d at 357.

Alvarez Mendoza fears future persecution by members of the Knights Templar cartel based on her membership in the family of Candelario Birrueta Ochoa, her former father-in-law. On two occasions while Alvarez Mendoza resided with Birrueta Ochoa, armed cartel members showed up to their house and

---

[1] Alvarez Mendoza's minor children are derivative asylum applicants.

extorted him. Substantial evidence supports the Agency's finding that the cartel members targeted Birrueta Ochoa because they believed he could pay. Alvarez Mendoza testified that the cartel members targeted Birrueta Ochoa "[b]ecause that's what they do, they ask for payoffs if they see that you earn a little money." Alvarez Mendoza did not adduce evidence that the cartel members are motivated by anything other than financial gain. Therefore, even assuming that Alvarez Mendoza's proposed social group is cognizable, substantial evidence supports the Agency's conclusion that Alvarez Mendoza did not establish a causal nexus between her feared future harm and a protected ground. *Cf. Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("[W]here, as here, the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding." (emphasis in original)).[2]

2.      Substantial evidence supports the Agency's denial of CAT relief. To qualify, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture must be "inflicted by, or at the instigation of, or with the

---

[2] Because Alvarez Mendoza's failure to establish a nexus between her feared future harm and a protected ground is dispositive of her asylum and withholding of removal claims, we do not reach her remaining arguments. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020).

consent or acquiescence of," a public official or person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the Agency's conclusion that Alvarez Mendoza's fear of future torture is speculative and generalized. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the 'more likely than not' standard for CAT protection]."). Further, she neither claimed nor produced any evidence that torture would be by, or with the consent or acquiescence of, a public official. *See Umana-Escobar*, 69 F.4th at 553–54.

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 2) is otherwise denied.